IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON KESSELMAN<br>300 Lancaster Avenue, Apt. 802<br>Wynnewood, PA  19096<br>    Plaintiff<br><br>v.<br><br>SANOFI-AVENTIS U.S., INC.<br>55 Corporate Drive<br>Bridgewater, NJ  08807<br><br>    Defendant | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Sharon Kesselman, by and through her counsel, High Swartz, LLP, files this Complaint against Defendant Sanofi-Aventis U.S., Inc. ("Defendant") to redress Defendant's violation of federal and state wage and hour laws, and in support thereof avers as follows:

A.   INTRODUCTION

1. In 2006, global spending on prescription drugs topped $643,000,000,000, with spending in the United States accounting for almost half of the global pharmaceutical market, with $289,000,000,000 in annual sales.

2. The pharmaceutical industry is, and has been for years, the most profitable of all businesses in the United States, with a return of 17 percent on revenue.

3. Defendant is one of the world's largest pharmaceutical companies.  In 2008, Defendant generated $35,600,000,000 in sales, making it the fourth largest pharmaceutical company in the world based upon sales.  In 2006, Defendant made a profit of approximately $5,000,000,000.

4. This case involves the sales representative segment of the pharmaceutical industry.

5. The primary duty of the pharmaceutical sales representative is to call on physicians or hospitals and provide them with information about the pharmaceutical company's drugs. The goal of providing the physicians and hospitals with this information is to convince them to prescribe the pharmaceutical company's drugs to their patients, based on the benefits of these drugs.

6. Notably, the Food and Drug Administration prohibits pharmaceutical sales representatives from selling drugs to physicians or hospitals.

7. Defendant did not and does not pay its pharmaceutical sales representatives, including Ms. Kesselman, overtime for work performed over forty (40) hours per week. Defendant's failure is unlawful.

B. JURISDICTION AND VENUE

8. The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violations of the FLSA's minimum wage and overtime provisions. Jurisdiction over Ms. Kesselman's FLSA claim is based upon Section 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §§ 1331.

9. This Court has supplemental jurisdiction over Ms. Kesselman's state law claims, pursuant to 28 U.S.C. §1367, as the state law claims are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in the Eastern District of Pennsylvania because a substantial part of the events and omissions giving rise to the claims occurred in the Eastern District.

11. Venue is also proper in the Eastern District of Pennsylvania because there is personal jurisdiction in the Eastern District over the Defendant. Presently and at all times relevant hereto, Defendant has conducted substantial, continuous and systematic commercial activities in the Eastern District.

C. PARTIES

12. Plaintiff Sharon Kesselman is a Pennsylvania resident, and was employed by Defendant from June 23, 2003 until January 22, 2008.

13. Defendant is a foreign limited liability company formed under the laws of Delaware, with its principal place of business and headquarters in Bridgewater, New Jersey. Defendant's parent company, The Sanofi-Aventis Group, has its global headquarters in Paris, France. Defendant does business in the Commonwealth of Pennsylvania and nationwide.

14. At all times relevant hereto, Defendant, directly or indirectly, or through agents or other persons, employed Ms. Kesselman and exercised control over her wages, hours and working conditions.

15. Throughout her employment with Defendant, Ms. Kesselman worked hours in excess of forty (40) hours per workweek without receiving overtime compensation as required by federal and state law.

D. FACTS

16. Defendant employs thousands of pharmaceutical sales representatives in the United States, and, upon information and belief, scores in the Commonwealth of Pennsylvania.

17. During her employment with Defendant, Ms. Kesselman was employed first as a Specialty Sales Representative and then as a Medical Center Representative, wherein she was responsible for, *inter alia*, influencing customers (e.g., key orthopedic surgeons, critical care facilities, emergency rooms, cardiologists, and physicians based in hospitals and teaching institutions) through education on assigned products (Lovenox and Plavix).

18. Ms. Kesselman was paid a salary, which ranged from $77,000 to $82,998, during the applicable time period.

19. Ms. Kesselman was also eligible for a bonus.

20. Defendant and its' managers, with the knowledge and consent of corporate management, systematically violated Pennsylvania law and the law of the United States, by failing to pay overtime compensation for hours worked in excess of forty (40) hours per week; by failing to maintain accurate records of employees' time; and by failing to pay bonuses.

21. At all times relevant hereto, Ms. Kesselman was employed by the Defendant.

22. During this time, Ms. Kesselman, on a regular and routine basis, worked over forty (40) hours per week.

23. Ms. Kesselman's regular job duties required her to work substantially more than forty (40) hours per week, including, *inter alia*, planning in advance of physician visits, posting of call notes, reviewing and responding to email and voicemails, preparation and revision of business plan, attend dinner programs, preparation of expense reports and other paperwork and review of testing and other continuing product education.

24. Ms. Kesselman spent a significant amount of time working in the evenings and on weekends.

25. Ms. Kesselman sustained substantial losses from Defendant's failure to pay her overtime compensation.

26. Defendant, through its corporate management, deliberately trained, supervised, instructed and authorized managerial employees to engage in the above unlawful practices, and have ratified their actions thereafter in order to enhance corporate profits and reduce their labor costs

27. For instance, Defendant's Procedures and Expectation 2006 manual provides "sales representatives are expected to perform their administrative duties outside of the 8 hours per day they are to be making sales calls."

## COUNT I
### (FLSA Overtime and Record Keeping Violations, 29 U.S.C. §§201, *et seq*.)

28. Ms. Kesselman incorporates herein by reference the allegations of the previous paragraphs as though set forth at length.

29. At all times relevant hereto, the Defendant was and continues to be an "employer" engaged in interstate "commerce" within the meaning of the FLSA.

30. At all times relevant hereto, the Defendant employed Ms. Kesselman as an "employee" within the meaning of the FLSA.

31. Ms. Kesselman is not a "sales representative" or an "administrator" as defined by the regulations to the FLSA.

32. At all times relevant hereto, Defendant had gross operating revenues in excess of $500,000.

33. Throughout the period of limitations period covered by these claims, Ms. Kesselman regularly worked in excess of forty (40) hours per workweek.

34. At all times relevant hereto, the Defendant operated under and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failed and refused to pay at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failed to keep records required by the FLSA even though Ms. Kesselman was entitled to overtime.

35. At all times relevant hereto, the Defendant willfully, regularly and repeatedly failed to pay Ms. Kesselman at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

36. At all times relevant hereto, the Defendant willfully, regularly and repeatedly failed to make, keep and preserve accurate records required by the FLSA with respect to Ms. Kesselman, including records sufficient to accurately determine the wages and hours of employment pertaining to Ms. Kesselman.

37. As a result of the Defendant's unlawful actions, Ms. Kesselman has suffered significant damages.

WHEREFORE, Plaintiff Sharon Kesselman demands judgment in her favor and against Defendant Sanofi-Aventis U.S., Inc., in an amount in excess of $150,000, including unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other relief as this Honorable Court deems just and appropriate.

## COUNT II
### (Pennsylvania Minimum Wage Act)

38. Ms. Kesselman incorporates herein by reference the allegations of the previous paragraphs as though set forth at length.

6

39. At all times relevant hereto, the Defendant employed Ms. Kesselman as "employee" within the meaning of Pennsylvania Minimum Wage Act of 1968 ("PMWA").

40. Ms. Kesselman regularly worked in excess of forty (40) hours per workweek.

41. At all times relevant hereto, the Defendant had policies, programs, practices, procedures, protocols, routines and rules of willfully failed and refused to pay Ms. Kesselman time and a half rates for work in excess of forty (40) hours per workweek, and failing to keep records required by the PMWA.

42. At all times relevant, the Defendant, through its policies and practices described above, continually and willfully violated the PMWA by failing to pay Ms. Kesselman overtime compensation for hours of work she performed for the Defendant in excess of forty (40) hours per week; by failing to make, keep and preserve accurate time records with respect to Ms. Kesselman sufficient to determine her wages and hours; and by other practices which violated the PMWA.

43. Defendant willfully failed to pay Ms. Kesselman all wages owed to her in violation of the PMWA.

44. As set forth above, Ms. Kesselman has sustained significant losses in her compensation as a proximate result of the Defendant's unlawful actions.

WHEREFORE, Plaintiff Sharon Kesselman demands judgment in her favor and against Defendant Sanofi-Aventis U.S., Inc., in an amount in excess of $150,000, including damages in the amount of her unpaid compensation, liquidated damages and attorneys' fees and costs, and such other legal and equitable relief as this Honorable Court deems just and appropriate.

## COUNT III
### (Pennsylvania Wage Payment and Collection Law "WPCL")

45. Ms. Kesselman incorporates herein by reference the allegations of the previous paragraphs as though set forth at length.

46. At all relevant times hereto, Defendant was an "employer" pursuant to the WPCL.

47. At all relevant times hereto, Defendant unlawfully failed to compensate Ms. Kesselman for overtime she worked and for bonuses she earned.

48. Ms. Kesselman's overtime compensation and bonuses were "wages" as defined by the WPCL.

49. The foregoing conduct is unlawful pursuant to the WPCL.

50. As set forth above, Ms. Kesselman has sustained significant losses in her compensation as a proximate result of Defendant's unlawful actions.

WHEREFORE, Plaintiff Sharon Kesselman demands judgment in her favor and against Defendant Sanofi-Aventis U.S., Inc., in an amount in excess of $150,000, including damages in the amount of her unpaid compensation, unpaid bonuses, liquidated damages and attorneys' fees and costs, and such other legal and equitable relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

     Ms. Kesselman hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

                         HIGH SWARTZ LLP

                         By:   /s/ James B. Shrimp
                               James B. Shrimp
                               Keri A. Schantz
                               Attorney I.D. Nos. 84061/201494
                               40 East Airy Street
                               Norristown, PA  19404
                               (610) 275-0700
                               Counsel for Plaintiff

Date:  November 12, 2009